UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIJUE ADOLPHUS MCGHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN MATEO COUNTY SHERIFF DEPARTMENT,<br><br>    Defendant. | Case No. 23-cv-01521-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8  U.S. 42, 48 (1988).

**B.      Complaint**

The complaint makes the following allegations.  Defendant San Mateo County Sheriff's Department has implemented a new mail policy which denies inmates the right to receive United States postal mail at the facility.  Pursuant to this new mail policy, if U.S. Postal mail is sent to San Mateo County Jail facilities, the mail is refused and returned to the sender.  Persons wishing to send mail to inmates housed in San Mateo County Jail facilities must send the mail to Smart Communications in Florida, where the mail is scanned.  Inmates are then able to access the mail on a tablet.  *See* Dkt. No. 1 at 2-3.  Plaintiff argues that this policy violates his First Amendment right to receive U.S. Postal mail; the Fourteenth Amendment; and his family's right to privacy and freedom of expression.  *See* Dkt. No. 1 at 2-5.

The Court DISMISSES the complaint for the reasons set forth below.

Inmates have a First Amendment to receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).  Here, however, it is unclear how Plaintiff's First Amendment right to receive mail has been denied.  Plaintiff is receiving his mail, albeit in a different manner and format than he had previously received it.  Instead of receiving his handwritten mail via the United States Postal Service, Plaintiff is now receiving his mail in electronic format via the Smart Communications system.  The First Amendment claim is DISMISSED with leave to amend for Plaintiff so that Plaintiff may clarify how the receipt of mail in electronic format violates his First Amendment right to receive mail.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by

allegation of other facts).

The Court DISMISSES with prejudice the Fourteenth Amendment claim because the right to receive mail is already protected by the First Amendment. Where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the more generalized rubric of substantive due process." *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

The Court DISMISSES with prejudice the claims that the new mail policy violates Plaintiff's family members' right to privacy and right to freedom of expression. Plaintiff lacks standing to bring suit to address the alleged violation of the constitutional rights of others. Under the prudential limitations of standing, "'a litigant must normally assert his own legal interests rather than those of third parties.'" *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)).

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES with prejudice the claims that the new mail policy violates the Fourteenth Amendment and violates Plaintiff's family members' right to privacy and right to freedom of expression, and DISMISSES the First Amendment claim with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 23-01521 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.

//

//

//

3

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 7/3/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

4